UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1-04-085(1) |
| | : | |
| | : | SENIOR JUDGE SPIEGEL |
| v. | : | |
| | : | |
| | : | |
| SOLOMON LAWSON, a.k.a., | : | <u>PLEA AGREEMENT</u> |
| "WORM" | : | |

- - - - - - - - - - - - - - -

It is hereby agreed between **SOLOMON LAWSON, a.k.a., "WORM,"** individually and through his attorney, Kenneth L. Lawson, and the United States of America, by and through Kenneth L. Parker, Assistant U.S. Attorney for the Southern District of Ohio, as follows:

1. **SOLOMON LAWSON, a.k.a., "WORM,"** (hereinafter "the defendant") will enter a plea of guilty to COUNT 1 of the Indictment, filed in the Southern District of Ohio, charging him with conspiring to knowingly, intentionally, and unlawfully distribute in excess of 50 grams of cocaine base and an amount of cocaine, Schedule II controlled substances, in violation of Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and (b)(1)(C).

2. The defendant admits that he conspired to knowingly, intentionally, and unlawfully distribute in excess of 50 grams of cocaine base and an amount of cocaine in the Southern District of Ohio.

3. The defendant understands that the punishment prescribed by law for the offense as charged in COUNT 1 of the Indictment in regards to the cocaine base, is from ten (10) years to life imprisonment, a fine of $4,000,000, and term of at least 5 years of supervised release. The defendant understands that the punishment prescribed by law for the offense as charged in COUNT 1 of the Indictment in regards to the cocaine, is from zero to twenty (20) years imprisonment, a fine of $1,000,000, and term of at least 3 years of supervised release.

4. The defendant understands that the United States Sentencing Guidelines ("Federal Sentencing Guidelines") are advisory and not mandatory. Therefore, even though the Court is required to consider the Federal Sentencing Guidelines and their application to this case in imposing sentence, sentencing is within the discretion of the Court, and the defendant understands that the Court may or may not choose to impose a sentence based on the applicable sentencing range under the Federal Sentencing Guidelines for the offense charged in the Indictment. The defendant has thoroughly reviewed with his attorney how the Federal Sentencing Guidelines might apply to this case. The defendant understands that he does not have the right to withdraw his guilty plea if the Court chooses to apply the Federal Sentencing Guidelines including upward departures or otherwise imposes a sentence that is higher than expected.

5. Based upon the amount of controlled substances reasonably foreseeable to the defendant, all relevant conduct within Count 1 of the Indictment, and all conduct protected pursuant to § 1B1.8 of the Federal Sentencing Guidelines, the defendant understands that the government will recommend that the base offense level for purposes of Federal Sentencing Guideline § 2D1.1(a)(3) is level 32. The defendant agrees with this recommendation.

6. The defendant understands and agrees with the United States that he should not receive a reduction in his offense level for being a minor or minimal participant or an enhancement for being a manager, organizer, or supervisor in the conspiracy.

7. The defendant understands that if he satisfies the requirements of Federal Sentencing Guideline § 3E1.1(a), he will receive a downward adjustment of 2 points for acceptance of responsibility. Furthermore, the defendant understands that if he also satisfies the requirements of Federal Sentencing Guideline § 3E1.1(b), the United States will recommend that his offense level be reduced by 1 additional point.

8. The defendant understands that he will be offered an opportunity to provide substantial assistance in the prosecution of other individuals involved in the distribution of narcotics in the Southern District of Ohio and elsewhere. In providing substantial assistance, the defendant shall: (a) truthfully and completely disclose all information with respect to the activities of himself

and others concerning all matters about which the Office of the U.S. Attorney for the Southern District of Ohio and any other office designated by the U.S. Attorney for the Southern District of Ohio inquires of him, which information can be used for any purpose; (b) shall cooperate fully with the Office of the U.S. Attorney for the Southern District of Ohio and any other law enforcement agency designated by this Office; (c) attend all meetings at which his presence is requested; (d) provide, upon request, any document, record, or tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request his testimony; (f) bring attention to all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and (g) commit no further crimes whatsoever. Nothing that the defendant communicates to the government in the course of his assistance shall be used to enhance his sentence.

9. In providing substantial assistance, the defendant understands that the government may file a motion with the Court for a downward departure from the guideline sentence pursuant to § 5K1.1 of the Federal Sentencing Guidelines and/or Title 18 U.S.C. § 3553(e). The filing of such motion will be in the sole

discretion of the United States Attorney for the Southern District of Ohio.

10. It is understood that, should this Office determine that the defendant has not complied with the terms of this Plea Agreement in any manner, the government may move the Court to re-sentence the defendant and apply for any sentencing enhancements that may be applicable in this case. Such an action by this Office will not entitle the defendant to withdraw his guilty plea once it is entered.

11. The defendant understands that the Probation Department will conduct a pre-sentence investigation and will recommend to the Court a sentencing guideline range. The defendant understands that the Probation Department's recommendations are not binding upon the Court and the terms of this Plea Agreement are not binding upon the Court or the Probation Department. The defendant understands that if the Court does not follow the recommendations contained in this Plea Agreement he does not have the right to withdraw his plea of guilty.

12. The defendant understands that there is no agreement concerning his ultimate sentence. The defendant could receive the maximum penalty provided by law.

13. The defendant agrees to withdraw any claim to and not to contest the forfeiture to the United States under federal law of all of his right, title, and interest in the following property:

**VEHICLES**

    i.    A 1995 Range Rover, V.I.N. SALJY1244SA160875, with all attachments, registered to American Auto Brokers & Buyers, seized under 21 U.S.C. § 881(a)(6);

**CURRENCY**

    ii.    $1,350.00 U.S. currency, seized under 21 U.S.C. § 881(a)(6);

**MISCELLANEOUS**

    iii.    A Glock 9mm, Model no. 17, serial no. BT918US, with ammunition, seized under 21 U.S.C. § 881(a)(6);

    iv.    Real Property known and numbered as 2031 Vine Street, Cincinnati, Ohio, Hamilton County, Ohio 45202, with all appurtenances, improvements, and attachments thereon.

Further, the defendant agrees to assist the United States to resolve in its favor any claim by any other individual to said property.

Additionally, the defendant waives any rights he may have under federal law and rules to notice and other aspects of the forfeiture of said property, including but not limited to allegations of forfeiture as to each item above in the Indictment herein, timely adoption of seizure by federal authorities, notice of intent to forfeit under 18 U.S.C. § 983(a) within 60 days of seizure, and initiation of judicial forfeiture under 18 U.S.C. § 983(a) within 90 days of administrative claim.

14.    Prior to or at the time of sentencing, the defendant will pay to the Clerk of Courts a special assessment in the amount of $100.00, as a required by Title 18 U.S.C. § 3013.

15. This is the entire Plea Agreement. There are no other provisions or understandings.

|  |  |
|---|---|
|  | GREGORY G. LOCKHART<br>United States Attorney |
| 4/5/05<br>Date | *signature*<br>KENNETH L. PARKER (#0068805)<br>Assistant U.S. Attorney<br>221 East 4th Street, Suite 400<br>Cincinnati, OH 45202<br>(513) 684-3711 |
| 4/5/05<br>DATE | *signature*<br>SOLOMON LAWSON<br>Defendant |
| 4/5/05<br>DATE | *signature*<br>KENNETH L. LAWSON (#0042468)<br>Attorney for Defendant<br>808 Elm Street, Suite 100<br>Cincinnati, Ohio 45202<br>(513) 345-5000 |

7